## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| | **:** | |
| **UNITED STATES OF AMERICA** | **:** | **CRIMINAL ACTION** |
| | **:** | |
| | **:** | |
| **v.** | **:** | |
| | **:** | |
| **DONIELL WILLIAMS** | **:** | **NO. 02-216** |
| | **:** | |

## ORDER AND MEMORANDUM

## O R D E R

**AND NOW**, this 13th day of March, 2006, upon consideration of defendant Doniell Williams's Motion for Early Termination Pursuant to 18 U.S.C. § 3564 and 18 U.S.C. § 3583 (Document No. 28, filed February 16, 2006), and the Government's Response to Defendant Williams' Motion for Early Termination of Supervised Release (Document No. 29, filed February 21, 2006), for the reasons set forth in the attached Memorandum, **IT IS ORDERED** that defendant Doniell Williams's Motion for Early Termination Pursuant to 18 U.S.C. § 3564 and 18 U.S.C. § 3583 is **DENIED**.

## M E M O R A N D U M

### I.      BACKGROUND

On April 9, 2002, a federal grand jury sitting in the Eastern District of Pennsylvania returned a twelve count Indictment charging Mr. Doniell Williams with making false statements in connection with the acquisition of a firearm, in violation of 18 U.S.C. § 922(a)(6) (Counts One through Six), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. §

922(g)(1) (Counts Seven through Twelve). On June 17, 2002, defendant pled guilty to all counts

of the Indictment.

On January 29, 2003, defendant was sentenced to eighteen (18) months imprisonment

followed by three (3) years of supervised release, which was well below the applicable

sentencing guideline range of sixty-three (63) to seventy-eight (78) months. The sentence was

based on the granting of the government's motion for downward departure under § 5K1.1 of the

Sentencing Guidelines and 18 U.S.C. § 3553(e).

Defendant states that he has already served his eighteen (18) month term of

imprisonment; that he began to serve his sentence of three (3) year supervised release on June 23,

2004; and that his supervised release is due to expire on June 22, 2007. Defendant argues that he

is entitled to immediate termination of supervised release because, since the commencement of

his supervised release, he has been gainfully employed, established suitable living conditions,

paid all monies owed to the Court, and has had no positive urine tests.

## II.   DISCUSSION

18 U.S.C. § 3564(c), authorizes a Court to order early termination of probation "if it is

satisfied that such action is warranted by the conduct of the defendant and the interest of justice,"

and after considering the factors set forth in § 3553(a) relating to the imposition of a sentence.

The latter provision provides that a sentence (1) must reflect the seriousness of the offense in

order to promote respect for the law and provide just punishment; (2) afford adequate deterrence

to criminal conduct; (3) protect the public from further crimes of the defendant; and, (4) provide

defendant with needed educational or vocational training, medical care, or other correctional

treatment in the most effective manner. The Court concludes that neither the conduct of the defendant nor the interest of justice warrant early termination of probation.

The conduct cited by defendant in support of his Motion is commendable.  However, it is nothing more than what is required under the terms of defendant's supervised release. See Karacsonyi v. United States, 1998 U.S. App. Lexis 15107, *1 (2d Cir. June 10, 1998) (unpublished opinion) ("Full compliance, after all, is merely what is expected of all people serving terms of supervised release").  Rather, early termination of supervised release should be ordered only in extraordinary circumstances. United States v. Sheckley, 1997 U.S. App. Lexis 32024, *5 (2d Cir. Nov. 10, 1997) (unpublished opinion) ("Early termination is not warranted as a matter of course; on the contrary, it is only 'occasionally' justified due to 'changed circumstances' of a defendant, such as 'exceptionally good behavior.'"); see also United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997). Defendant bears the burden of establishing that his conduct and the interests of justice justify an early termination of supervised release. See, e.g., United States v. Rasco, 2000 U.S. Dist. Lexis 497 (S.D.N.Y. Jan. 19, 2000) (unpublished opinion).

Defendant pled guilty to serious crimes. The Guidelines called for a sentence of incarceration of between sixty-three (63) to seventy-eight (78) months. The Court granted the government's motion for downward departure under § 5K1.1 of the Sentencing Guidelines and 18 U.S.C. § 3553(e), and sentenced defendant to only eighteen (18) months imprisonment, followed by three years of supervised release.

Considering all of the goals of sentencing - appropriate punishment, deterrence, protection of the public interest, and providing the defendant with an opportunity to rehabilitate

himself - the Court concludes that its sentence of eighteen (18) months imprisonment followed by three (3) years of supervised release was the appropriate sentence in the case.  Defendant has not presented any evidence of extraordinary conduct sufficient to warrant early termination of supervised release.

**BY THE COURT:**


**/s/ Honorable Jan E. DuBois**
**JAN E. DUBOIS, J.**